09-0087-cv
Augusta v. Community Development Corporation  of Long Island, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand ten.**

PRESENT:
> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> ROSEMARY S. POOLER,
> *Circuit Judges*.

_____

Anthony Augusta,

> *Plaintiff-Appellant*,

> v.                                                                          09-0087-cv

Community Development Corporation of Long Island,

> *Defendant-Appellee.*

_____

FOR APPELLANT:    Anthony Augusta, *pro se*, Greenlawn, New York.

FOR APPELLEE:     Scott G. Christesen; Fumuso, Kelly, DeVerna, Snyder, Swart & Farrell LLP; Hauppauge, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Anthony Augusta, *pro se*, appeals from the district court's order granting the Community Development Corporation of Long Island's motion for summary judgment as to his complaint alleging that defendant violated his due process rights by terminating his Section 8 housing voucher without a hearing. We assume the parties' familiarity with the facts and procedural history.

Upon review of the record and case law, the district court did not err in finding that defendant was entitled to summary judgment because the evidence established that plaintiff's voucher was not terminated before it expired by its own terms, and plaintiff was therefore never entitled to a hearing. "[N]onmoving parties ... may not rely on conclusory allegations or unsubstantiated speculation." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks omitted). Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also Jeffreys*, 426 F.3d at 555 (summary judgment is proper where plaintiff's testimony is "largely unsubstantiated by any other direct evidence" and "so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint.") (internal quotation marks omitted).

In the present case, the district court correctly found that defendant met its burden of showing that the evidence was not such that a reasonable jury could return a verdict for plaintiff. Plaintiff alleges that his voucher was terminated before it expired. However, this claim is inconsistent with plaintiff's own testimony that he was repeatedly told there were steps that he could take to obtain further housing using the voucher. Further, plaintiff admits that he was never told that his voucher had been revoked, and that he could not recall specific details concerning his conversations with defendant's agents. In light of the inconsistent and incomplete nature of plaintiff's testimony and the lack of corroborating evidence, the district court did not err in concluding that plaintiff's testimony was unreliable.

For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk